Modupi TSOTESI, etc., Plaintiff,

v.

The BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, et al., Defendants.

No. 02 CIV. 7809(LAK).

United States District Court, S.D. New York.

April 23, 2003.

Todd J. Krouner, New York City, for Plaintiff.

Theresa Crotty, Assistant Corporation Counsel, Boston, MA, Michael A. Cardozo, Corporation Counsel of the City of New York, New York City, for Defendants The Board of Education of the City School District of the City of New York, Harold

O. Levy, W.L. Sawyer, and Mary Anne David.

## MEMORANDUM OPINION

KAPLAN, District Judge.

According to the complaint, one of the individual defendants in this case, a high school teacher employed by The Board of Education of the City School District of the City of New York (the "Board"), on April 16, 2002, seized the arm of plaintiff's minor daughter without cause or legitimate reason and twisted it behind her back, ultimately breaking the arm. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and state law against the teacher, the Board, the former schools chancellor, the superintendent of Manhattan district high schools, and the principal of the high school. The matter is before the Court on the motion of all defendants other than the allegedly offending teacher (the "BOE Defendants") for judgment on the pleadings dismissing the complaint for failure to state a claim upon which relief may be granted and, insofar as the motion is made on behalf of the individual supervisory defendants, on the ground of qualified immunity.

The Section 1983 claims are that the teacher's actions violated plaintiff's daughter's [1] substantive due process right to be "free from excessive force ... by government actors in a non-seizure, non-prisoner context" and deprived her of the equal protection of the laws.[2] The BOE Defendants are said to be liable under Section 1983 on the theory that they wilfully disregarded plaintiff's rights by negligently hiring, training, retaining and failing to supervise the teacher and that this occurred as a result of conduct and policies adopted by them.[3]

■ The BOE Defendants first assert that the allegations of the complaint do not make out a violation of constitutional rights by anyone, the teacher included. Insofar as they attack the equal protection claim, they plainly are correct, and plaintiff does not contend otherwise. Insofar as they attack the substantive due process claim, they plainly are wrong. *Johnson v. Newburgh Enlarged School District*[4] is squarely against them on this point. Their effort to distinguish the case on the basis that the teacher whose misconduct there was at issue had been guilty of prior instances of brutality toward students is misguided, as the Court of Appeals focused on that circumstances only in considering the defense of qualified immunity after first concluding that the single instance at issue in the case sufficiently implicated the plaintiff's constitutional right.

■ The second avenue of attack is the contention that the complaint fails to allege facts showing deliberate indifference to constitutional rights or that any such indifference caused the single incident here in question. Accordingly, they argue that the complaint fails to state a legally sufficient claim against the BOE Defendants under *Canton v. Harris*[5] and *Monell v. Department of Social Services*.[6] While the BOE Defendants appear to be right in suggesting that it would be inappropriate to infer the existence of a policy or custom from a single incident of misconduct, they ignore the fact that this proposition is

---

1. For the sake of convenience, the Court hereafter refers to plaintiff's daughter as "plaintiff."

2. Compl. ¶ 2.

3. *Id.* ¶¶ 10, 24.

4. 239 F.3d 246, 251–52 (2d Cir.2001).

5. 489 U.S. 378, 385–87, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989),

6. 436 U.S. 658, 690–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

beside the point at this stage. This is a Rule 12(c) motion. The plaintiff is not obliged to plead evidence supporting his allegations of the existence of a custom or policy that allegedly caused the injury in question.[7] The question therefore is whether plaintiff could prove any facts under the allegations of this complaint that would permit recovery, notwithstanding *Canton* and *Monell*, against the BOE Defendants.[8] The allegations of the complaint are more than sufficient for that purpose.

■ Defendants argue next that the claims against the individual supervisory defendants—the former chancellor, the district superintendent and the principal—should be dismissed because the complaint does not sufficiently allege their personal involvement. The complaint, however, alleges that plaintiff was injured in consequence "of the conduct and policies of the defendants" including, *inter alia*, inadequate recruitment, hiring, training, retention, supervision, discipline and security.[9] That is sufficient as a matter of pleading.[10]

■ Finally, the BOE Defendants seek dismissal of the individual capacity claims against the supervisor defendants on the ground of qualified immunity, arguing in substance that the complaint fails to allege any prior instances of excessive force by the teacher in question that might have put the moving defendants on notice. But the moving defendants misconceive the nature of the claim. Plaintiff's argument is that these defendants are responsible for the misconduct of the teacher because that misconduct was the proximate consequence of their personal involvement in the creation and perpetuation of policies that reflected deliberate indifference to the rights of pupils in plaintiff's position. But we do not yet know anything about the alleged policies or the facts regarding the personal involvement, or lack thereof, of the individual supervisor defendants with their promulgation or maintenance.[11] In consequence, one cannot now exclude the possibility, however unlikely, that plaintiff might establish facts from which a trier of fact might conclude that it was objectively reasonable for persons in the positions of these supervisors to know that their actions or derelictions with respect to the establishment or maintenance of Board policies violated "clearly established statutory or constitutional rights." [12]

---

**7.** *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 166–69, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

**8.** *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

**9.** Compl. ¶¶ 23–24.

**10.** To the extent that *Dwares v. City of New York,* 985 F.2d 94, 100–01 (2d Cir.1993), suggests otherwise, it no longer is authoritative in light of *Leatherman* 's rejection of a heightened pleading standard in Section 1983 cases. Insofar as these individuals are sued in their official capacities, on the other hand, the claim is duplicative of the *Monell* claim against the Board. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). It therefore will be dismissed.

**11.** *See, e.g., Taylor v. Vermont Dep't of Educ.,* 313 F.3d 768, 793 (2d Cir.2002) (holding that "a ruling on the availability of a qualified immunity defense would be premature" because "[t]he qualified immunity issue in this case turns on factual questions that cannot be resolved at this stage of the proceedings"); *Patel v. Searles,* 305 F.3d 130, 139 (2d Cir. 2002) (holding that "at the pleading stage of this litigation, we are unable to conclude 'beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' ") (quoting *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99).

**12.** *See Harlow v. Fitzgerald,* 457 U.S. 800, 817–18, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "Defendants may raise their qualified immunity defense again in a summary judgment motion, after suitable discovery." *Taylor,* 313 F.3d at 794.

*Conclusion*

The motion of the BOE Defendants for judgment on the pleadings dismissing the complaint as to them is granted insofar as the equal protection claim is dismissed as to all moving defendants and the official capacity claims are dismissed as to defendants Levy, Sawyer and David. The motion is denied in all other respects. Plaintiff's alternative cross-motion for leave to amend is denied as moot.

SO ORDERED.